Official Form 416D (12/15)

FILED BANKRUPTCY OK WD
FEB 25 2026 PM 1:39
KAW

Form 416D  Caption for Use in Adversary Proceeding

# United States Bankruptcy Court

__Western__ District of __Oklahoma__

In re _____,

Debtor Emily R. Ruzycki, Fundamental Foundations, LLC

Plaintiff

Ian's Enterprise, LLC

Defendant Emily R. Ruzycki, Fundamental Foundations, LLC

Case No. 25-13369-SAH

Chapter 7

Adv. Proc. No. 26-01003-SAH

[If in a Notice of Appeal and Statement of Election (see Form 417A) or other notice filed and served by the debtor, the caption must be altered to include the debtor's address and Employer's Tax Identification Numbers(s) or last four digits of Social Security Number(s) as in Form 416A]

Defendant's Answer to Complaint

Emily R. Ruzycki  2-25-26

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

**DEFENDANT'S ANSWER TO COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT** COMES NOW the Defendant, Emily Ruzycki, and for her Answer to Plaintiff's Complaint to Determine Dischargeability of Debt, states as follows:

1. Defendant admits the allegations contained in Paragraph 1 upon information and belief.

2. Defendant admits the allegations contained in Paragraph 2.

3. Defendant admits that this Court has jurisdiction for purposes of this proceeding.

4. Defendant admits that venue is proper for purposes of this proceeding.

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 and therefore denies the same.

6. Defendant admits that a lease agreement was entered into on or about November 5, 2013. Defendant further states that Plaintiff was aware of Defendant's business formation status at the time of the lease and participated in structuring the tenancy relationship. Defendant denies any remaining allegations in Paragraph 6 to the extent they characterize Defendant as solely or personally liable.

7. Defendant lacks sufficient knowledge to admit or deny the specific terms of the alleged Lease, as the document is not presently in Defendant's possession. Therefore, Defendant denies the allegations contained in Paragraph 7 and demands strict proof thereof.

8. Defendant admits that a business relationship existed but denies the characterization of the alleged default and the amount claimed. The defendant further denies any liability except as may have been previously adjudicated in a state court and demands strict proof of the remaining allegations.

9. Defendant admits that a lawsuit was filed but lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 9 and therefore demands strict proof thereof.

10. Defendant admits that a judgment was entered in state court but denies any implication that the judgment is nondischargeable and demands strict proof of any allegations to that effect.

11. Defendant lacks sufficient information to admit or deny the payment history as characterized by Plaintiff and therefore denies the allegations contained in Paragraph 11.

1

12. Defendant admits that garnishment proceedings occurred but denies any characterization suggesting wrongdoing or intentional failure to respond and demands strict proof of the remaining allegations.

13. Defendant admits that plaintiff filed garnishment proceedings as alleged. Defendant denies any implication that Defendant personally failed to respond where such responses were the responsibility of the third parties. Defendant further denies any characterization of the events as wrongful or intentional and demands strict proof of the remaining allegations.

14. Defendant lacks sufficient knowledge to admit or deny the procedural filings referenced in Paragraph 13 and therefore demands strict proof thereof.

15. Defendant admits that a Motion for Default Judgment was filed; however, Defendant denies any implication that Defendant was responsible for any failure to respond to the Garnishment Summons or Orders and demands strict proof thereof.

16. Defendant admits that a hearing occurred on April 23, 2025, and that Defendant appeared. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations and therefore denies the same.

17. Defendant admits that the Court granted leave for Ruzycki Farms and Michael Ruzycki to file an answer to the Garnishment Summons within the time ordered.

18. Defendant admits that an Answer to Garnishment was filed on or about May 6, 2025.

19. Defendant admits that Plaintiff filed a Notice; however, Defendant denies any wrongdoing or improper conduct and demands strict proof of the allegations contained therein.

20. Defendant denies every allegation contained in Paragraph 20 and specifically denies that any false representation was made. Defendant further denies receiving undisclosed income during the applicable garnishment period and demands strict proof thereof.

21. Defendant denies the allegations contained in Paragraph 21 in their entirety and specifically denies concealing assets or income. Defendant further denies engaging in any fraudulent or improper conduct and demands strict proof thereof.

22. Defendant admits that the matter was set for trial and that counsel communicated regarding Defendant's intent to seek bankruptcy protection. Defendant denies any implication of improper motive.

23. Defendant admits the allegations contained in Paragraph 23.

2

24. Defendant admits that Plaintiff's counsel was provided with the bankruptcy case number. Defendant denies any intentional failure to schedule the debt and further denies any improper conduct. Defendant states that any omission was inadvertent and demands strict proof of any allegation to the contrary.

25. Defendant admits that an amendment was filed. Defendant denies any implication that the timing of the amendment was improper or intentional and demands strict proof thereof.

26. Defendant admits that an amendment was stricken due to a deficiency. Defendant denies that such deficiency constitutes misconduct and states that any deficiency was procedural in nature.

27. Defendant denies the allegations contained in Paragraph 27 to the extent they imply intentional omission. The defendant states that all schedules were prepared in good faith, based on the information available at the time.

28. Defendant admits that the referenced litigation exists but denies any intentional failure to disclose the same. Defendant states that all disclosures were made in good faith and amended as necessary.

29. Defendant lacks sufficient knowledge to admit the dates and procedural details alleged and therefore denies the same. Defendant admits only that a judgment was entered.

30. Defendant denies the allegations contained in Paragraph 30 to the extent they mischaracterize Defendant's knowledge or testimony. Defendant states that any prior statements were made based upon the information reasonably available to her at the time.

31. Defendant admits that the debt was scheduled in the bankruptcy proceeding. Defendant denies any implication of improper conduct and states that the scheduling of debts is consistent with the requirements of federal bankruptcy law.

32. Defendant denies the allegations contained in Paragraph 32 to the extent they mischaracterize Defendant's knowledge and awareness. Defendant states that any statements made were based upon the information reasonably available to her at the time and were not intended to mislead any party or the Court.

33. Defendant denies the allegations contained in Paragraph 33. Defendant further denies any undisclosed ownership interest and states that any public statements referenced by Plaintiff do not constitute legal ownership or a reportable financial interest under bankruptcy law.

34. Defendant admits that her spouse was employed but denies any intentional failure to disclose required income. Defendant states that all disclosures were made in good faith based upon her understanding of the reporting requirements.

35. Defendant denies the allegations contained in Paragraph 35 and specifically denies that any omissions were material or constituted misrepresentations. Defendant states that all filings were made in good faith.

36. Defendant lacks sufficient knowledge to admit the precise amount alleged and therefore denies the same. Defendant admits only that Plaintiff asserts a claim.

37. Defendant admits signing a rental application but denies that any representations were knowingly false or made with the intent to deceive. Defendant further denies that Plaintiff reasonably relied upon the statements in extending the lease.

38. Defendant admits signing a lease but denies that any material representations were knowingly false or made with the intent of deceiving. Defendant further denies that any alleged lease provision gives rise to a nondischargeable claim under the Bankruptcy Code.

39. Defendant admits that the Premises were used in connection with a childcare business known as Fundamental Foundations. Defendant denies any implication of wrongdoing or fraudulent conduct.

40. Defendant admits that Fundamental Foundations, LLC was formed on or about November 6, 2013, as reflected in public records.

41. Defendant admits that 10 O.S. §402 contains statutory definitions as quoted but denies that such definitions establish any fraudulent intent or nondischargeable conduct.

42. Defendant denies the allegations contained in Paragraph 42 and specifically denies that Plaintiff reasonably or justifiably relied on any alleged misrepresentation.

43. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 43 and therefore denies the same.

44. (A) Defendant admits that an investigation was opened following a complaint.

44. (B) Defendant admits that representatives appeared but denies that she unlawfully refused entry and denies any implication of misconduct.

44. (C) Defendant admits that she informed OKDHS representatives she believed the program operated as a private preschool and denies any intent to mislead.

44. (D) Defendant admits that OKDHS made certain determinations but denies any fraudulent intent or concealment.

4

44. (E) Defendant admits that operations ceased following communication with OKDHS.

44. (F) Defendant admits the allegations.

44. (G) Defendant admits that OKDHS issued findings but denies any fraudulent conduct or intent to deceive Plaintiff.

45. Defendant admits making certain statements to OKDHS representatives but denies any fraudulent intent, misrepresentation, or concealment.

46. Defendant lacks sufficient knowledge to admit or deny the authenticity, completeness, or contents of the documents referenced in Paragraph 46 and therefore denies the same.

47. Defendant admits signing documents acknowledging receipt of information from OKDHS and further admits that operations ceased the same day. Defendant denies any implication of fraudulent conduct.

48. Defendant denies the allegations contained in Paragraph 48, as they constitute legal conclusions and speculation rather than statements of fact.

49. Defendant denies the allegations contained in Paragraph 49, including any assertion that Defendant attempted to deceive OKDHS.

50. Defendant denies the allegations contained in Paragraph 50, including any characterization of Defendant's conduct as deceptive or perjurious.

51. Defendant admits that Oklahoma law governs child care licensing but denies any violation as alleged and denies any remaining allegations contained in Paragraph 51.

52. Defendant denies the allegations contained in Paragraph 52 to the extent they assert legal conclusions or statutory interpretations and denies any violation thereof.

53. Defendant denies the allegations contained in Paragraph 53, including any assertion that Defendant knowingly operated an illegal facility.

54. Defendant denies the allegations contained in Paragraph 54, including any assertion that Defendant relied upon or reported illegal income, and denies that Plaintiff reasonably relied on any such representation.

55. Defendant denies the allegations contained in Paragraph 55 and denies that Defendant operated the Premises in violation of applicable laws or the Lease as alleged.

56. Defendant denies the allegations contained in Paragraph 56.

57. Defendant denies the allegations contained in Paragraph 57.

5

58. Defendant denies the allegations contained in Paragraph 58, including any assertion of knowledge, intent, or misrepresentation.

59. Defendant denies the allegations contained in Paragraph 59, including any allegation that Defendant acted with fraudulent intent.

60. Defendant denies the allegations contained in Paragraph 60 and denies that any damage was caused by fraud.

61. Defendant denies the allegations contained in Paragraph 61, including any assertion of deceptive conduct or intent to deceive.

62. Defendant denies the allegations contained in Paragraph 62.

63. Defendant denies the allegations contained in Paragraph 63, including any assertion of pretenses, false representation, or fraud.

64. Defendant denies the allegations contained in Paragraph 64 and denies that the debt is nondischargeable under 11 U.S.C. §523(a)(2)(A).

65. Defendant denies the allegations contained in Paragraph 65, including any assertion that Defendant made a materially false written statement or acted with intent to deceive.

66. Defendant denies the allegations contained in Paragraph 66 and denies that the debt is nondischargeable under 11 U.S.C. §523(a)(2)(B).

67. Defendant denies the allegations contained in Paragraph 67, including any assertion that Defendant acted willfully or maliciously.

68. Defendant denies the allegations contained in Paragraph 68 and denies that the debt is nondischargeable under 11 U.S.C. §523(a)(6).

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE – FAILURE TO STATE A CLAIM
Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND DEFENSE – FAILURE TO PLEAD FRAUD WITH PARTICULARITY
Plaintiff's allegations of fraud are not pled with the specificity required under Federal Rule of Civil Procedure 9(b).

### THIRD DEFENSE – LACK OF INTENT
Defendant denies any intent to deceive and asserts that Plaintiff cannot establish the required elements of fraud.

### FOURTH DEFENSE – REASONABLE RELIANCE
Plaintiff cannot demonstrate reasonable reliance on any alleged representation.

### FIFTH DEFENSE – ESTOPPEL / WAIVER
Plaintiff's claims may be barred, in whole or in part, by the doctrines of waiver and estoppel.

### SIXTH DEFENSE – RES JUDICATA / COLLATERAL ESTOPPEL
To the extent Plaintiff attempts to relitigate matters previously adjudicated, such claims are barred.

### SEVENTH DEFENSE – GOOD FAITH

Defendant acted in good faith at all relevant times and lacked any intent to defraud, mislead, or deceive the Plaintiff.

### EIGHTH DEFENSE – RELIANCE ON INFORMATION AND PROFESSIONAL GUIDANCE
Defendant acted based upon information available at the time and reasonably relied upon guidance regarding business formation and operations.

### NINTH DEFENSE – NO WILLFUL OR MALICIOUS CONDUCT
Defendant denies any willful or malicious conduct and asserts that any alleged harm was not intentional.

7

**TENTH DEFENSE – LACK OF PROXIMATE CAUSE**
Plaintiff cannot establish that any alleged representation by Defendant was the proximate cause of the damages claimed.

**ELEVENTH DEFENSE – CONTRACTUAL NATURE OF CLAIM**
The underlying obligation arises from a contractual relationship, and Plaintiff cannot convert a breach of contract claim into a nondischargeable fraud claim absent proof of independent fraudulent conduct.

**TWELFTH DEFENSE – FAILURE TO MITIGATE**
Plaintiff failed to mitigate alleged damages.

Defendant denies every allegation not specifically admitted herein and demands strict proof thereof.

Respectfully submitted,

*Emily R. Ruzycki*

/s/ Emily R. Ruzycki
Emily R. Ruzycki
10200 N. Choctaw Rd.
Jones, Ok 73049
405-861-3533
E.Ruzycki@yahoo.com
Defendant
Dated: February 25th, 2026

9

CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of February 2026, a true and correct copy of the foregoing Defendant's Answer to Complaint to Determine Dischargeability of Debt was filed with the Clerk of the United States Bankruptcy Court for the Western District of Oklahoma and served by United States Mail, postage prepaid, upon the following:

Amanda R. Blackwood
Blackwood Law Firm, PLLC
512 NW 12th Street
Oklahoma City, OK 73103

Doug M. Gierhart, PLLC
Gierhart Legal Services
15803 NE 23rd St. Ste. D Choctaw, OK 73020

/s/ Emily R. Ruzycki
Emily R. Ruzycki